Mr. Justice James
delivered the opinion of the court.
This is a bill in equity to charge certain real estate of the defendant, Mrs. Harlan, a married woman. It states *522 that the complainant sold certain household furniture to Mr. and Mrs. Harlan, in part payment for which Mr. Harlan gave his promissory note, Mrs. Harlan having written thereon the following memorandum: “I hereby pledge my personal and separate estate to the payment of this note. Kate Harlan.” That the sale was made on the faith and credit of Mrs. Harlan’s separate estate; that this note is past due, but is lost; that complainant has demanded payment, offering to indemnify the maker, but payment has been refused.
It is further stated that the real estate described in the bill is subject to certain trusts to secure several debts, and the trustees and holders of the notes secured are made defendants. To this bill the defendants, James and Kate Harlan, have demurred. The question presented is whether a court of equity can charge Mrs. Harlan’s property with the payment of this note.
It appears by the exhibits attached to the bill that she acquired title during coverture by several deeds of bargain and sale, in which the habendum is in the ordinary form, to her sole use. In other words, there is no trust for her sole and separate use and benefit. This property is therefore her sole and separate property only in the sense of the statute, which is found in sections 727 to 730 of the District Eevision. Eor the purpose of considering their bearing on the question before us, we state them in full:
“ Sec. 727. In the District, the right of any married woman to any property, personal or real, belonging to her at the time of marriage, or acquired during marriage in any other way than by gift or conveyance from her husband, shall be as absolute as if she were unmarried, and shall not be subject to the disposal of her husband, nor be liable for his debts.
“Sec. 728. Any married woman may convey, devise and bequeath her property, or any interest therein, in the same manner and with the like effect as if she were unmarried.
“Sec. 729. Any married woman may contract, and sue and be sued in her own name, in all matters having rela *523 tion to her sole and separate property, in the same manner as if she were unmarried.
“Sec. 130. Neither the husband nor his property shall be bound by any such contract made by a married woman, nor liable for any recovery against her in any such suit; but judgment may be enforced by execution against her sole and separate estate in the same manner as if she were unmarried.”
Under this statute, unless an express trust is interposed, a married woman holds by legal title, and there is no room for a trust in the husband for her use. It is claimed, nevertheless, that equity has jurisdiction over this legal ownership, and may charge it with engagements of the wife which have no obligation as contracts. In the case before us it is conceded that the wife’s guaranty of her husband’s note does not come within the section which authorizes her to make contracts. We have, therefore, to consider the ground and the extent of the jurisdiction which courts of equity had exercised over the property of married women before the statute, and whether it has been extended by the statute, or can be applied by the courts to any new status of a married woman’s estate.
Many of the courts in this country have departed widely from the English doctrine on this subject, and there is a considerable diversity in their decisions. It is not material, however, to examine these differences, for the exercise of any jurisdiction at all in equity rests in all of them upon one general principle.
In showing how far the doctrines of the chancery court had originated in the exercise by it of what amounted to legislative power, Mr. Spence refers to its creation of the wife’s separate estate as a notable instance (1 Eq. Jur., 595-6), and he points out that this was done by bringing the subject matter under one of the great heads of equity jurisdiction.
In this case, while the court of chancery clearly violated the laws of property between husband and wife, it worked *524 out its purpose through the medium of its powers in constituting and enforcing trusts. 2 Id,, p. 506.
And upon this basis the action of courts of equity concerning the separate estates of married women has always rested. The underlying principle has been that a court of equity will see to it that a trustee applies what he holds, simply for the sole and separate use of another, as that other person directs, if such person can be held competent to direct; and it was held that a married woman was just as competent for such action as if she were a feme sole.
For some time it was thought that trustees were essentially necessary to the existence of separate property. Hulme vs. Tenant, 1 Bro. Ch., 16; 1 Lead. Cas. Eq., p. 508, 3d Am. Ed. But it has been long established that if real or personal estate be given to or settled upon a married woman for her separate use, without the interposition of trustees, still, in equity, the intention will be effectuated, and the wife’s interest protected, by the conversion of her husband into a trustee for her. It-was necessary to impute that character to the husband, because at law he was the owner of the personalty which a court of equity regarded as the property of the wife, and was entitled to take for his own use the profits of her real estate. It was not because the chancery court had a substantive power to define the position or status of a married woman, or to control her property as the property of a married woman, or to treat a married woman as a feme sole, that it assumed this jurisdiction ; but because it claimed.that such powers were incident to its power to secure to her the full benefits of trust and agreements; and where no element of trust was found it was not pretended that a court of equity had jurisdiction over the property.
It is unnecessary to present an array of authorities to show the principle on which this jurisdiction has been maintained ; the cases are conveniently collected in the notes to Hulme vs. Tenant, in the first volume of Leading Cases in Equity.
If this be the ground on- which equity has interposed to *525 apply the separate estate of a married woman to her separate use, it is difficult to perceive on what principle it can now claim the control and application of her separate legal estate, where its function of enforcing and applying trusts can play no part. Clearly such an extension of jurisdiction cannot be fastened upon the phrase “ sole and separate estate,” as used in the statute ; since it was not the fact that it was sole and separate, but the fact that such sole and separate estate involved a trust, that gave jurisdiction to equity.
As used in the statute, these words mean that the wife’s estate is relieved of all interest or control of the husband, and, therefore, that no trust can be assumed to exist. Nor can equity jurisdiction of her legal estate be based upon the fact that she is treated by the statute as a feme sole as to her separate estate ; for her status as a feme sole in equity was not the basis but the result of its jurisdiction of her separate estate. Equity gave her that status because it assumed jurisdiction of the kind of estate which she owned and was to enjoy, and because it was necessary so to treat her in order to apply her estate completely to its purposes.
Moreover this statute contains provisions which, instead of inviting, seem to repel, this application of equity jurisdiction to the wife’s legal estate. When it provides that a married woman shall now have a legal jus disponendi, it enables her to incumber or charge her legal estate by any of the methods incident to legal ownership ; and when it provides that she shall have legal capacity to make contracts in matters relating to her separate property, and that judgments recovered on such contracts may be satisfied out of her separate property, it seems to provide just when and how the separate estate which it has created may be charged with her engagements. A statute which not only establishes a new kind of separate estate but undertakes to provide for its liabilities, and the remedies by which these may he enforced, would seem to have exhausted the subject of liability so far as this kind of separate estate is concerned.
*526 We have observed that the whole doctrine of separate estate in equity was an exercise by the court of chancery of what amounted to legislative power. The proposed extension of this jurisdiction to a new kind of separate estate would be an assumption of similar power, without the reasons which sustained the original assumption. When the chancery court violated the common law, it was after all, judicial legislation against judicial legislation ; but when the legislature itself has acted upon a married woman’s status, and her capacity to dispose of or charge her separate estate, it would be a very different matter to add to its provisions.
We do not deny the capacity of a married woman to charge her legal estate with liability for her husband’s debt by mortgage or deed of trust: nor do we mean that the jurisdiction of equity in cases of express trust has been impaired by the statute. We only mean to decide now that equity has no jurisdiction to charge the legal separate estate, which a married woman owes to the statute, with engagements which she is not authorized to put into the form of a personal contract,and when she does not use the power of disposal given by the statute.
The bill is therefore dismissed.